**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LORENZO WHITE,

                          Plaintiff,

      v.                                             1:23-cv-00430 (AMN/MJK)

LIVING RESOURCES CORPORATION,

                          Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **GLEASON, DUNN, WALSH & O'SHEA**<br>300 Great Oaks Boulevard, Suite 321<br>Albany, New York 12203<br>*Attorneys for Plaintiff* | **KATHRYN DANIELS BOBEL, ESQ.**<br>**NANCY WILLIAMSON, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC**<br>22 Corporate Woods Boulevard, Suite 501<br>Albany, New York 12211<br>*Attorneys for Defendant* | **PAUL BUEHLER III, ESQ.**<br>**SANJEEVE K. DESOYZA, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

      Presently before the Court is Defendant Living Resources Corporation's ("Defendant") motion to dismiss Plaintiff's amended complaint alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and violations of the New York Labor Law ("NYLL"), Dkt. No. 11 (the "Complaint"), pursuant to Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 14 (the "Motion").

      For the reasons set forth below, Defendant's Motion is granted as to Plaintiff's FLSA claim and this action is remanded to state court.

## II.  BACKGROUND

The following facts are drawn from the Complaint unless otherwise noted, and are assumed to be true for purposes of ruling on the Motion.  *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

### A.  The Parties

Defendant is a not-for-profit corporation organized and existing under the laws of New York, with a principal place of business in Albany, New York and several other locations nearby. Dkt. No. 11 at ¶¶ 7, 9, 10, 30, 38.  Defendant provides services to individuals with intellectual and developmental disabilities, as well as brain injury survivors.  *Id.* at ¶ 8.  Plaintiff is a resident of New York and has been an employee of Defendant at several locations since 2001.  *Id.* at ¶¶ 6, 18-19, 29, 38.

### B.  Plaintiff's Allegations

As relevant here, the Complaint alleges that between February 27, 2016 and December 12, 2020 Defendant failed to properly compensate Plaintiff for his work at one particular location ("Division Street"), in violation of the FLSA and NYLL.  *Id.* at ¶¶ 43, 49, 56; *see also id.* at ¶¶ 30, 39-64.  Plaintiff raises one claim for unpaid overtime compensation pursuant to the FLSA and six claims pursuant to the NYLL.  *Id.* at ¶¶ 97-102, 65-96.

### C.  The Instant Action and Motion

On March 6, 2023, Plaintiff commenced this action in New York State Supreme Court. Dkt. No. 1 at ¶ 1; Dkt. No. 1-1.  On April 5, 2023, Defendant removed the case to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1 at ¶¶ 6-12.  Defendant identified the FLSA claim as the federal question providing this Court jurisdiction and joinder as the basis for also removing the state law claims.  *Id.* at ¶¶ 6-7; 28

U.S.C. §§ 1331 and 1441.

Following a stipulated extension of time to respond, Defendant moved to dismiss the complaint. Dkt. Nos. 5, 7. Plaintiff opposed and cross-moved for leave to amend, before filing the amended Complaint as of right. Dkt. Nos. 10-11, 13. The Court then permitted Defendant to withdraw its initial motion to dismiss. Dkt. No. 13. On June 20, 2023, Defendant filed the present Motion, which is now fully briefed and thus ripe for determination. Dkt. Nos. 14-16.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however

3

true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

## IV.     DISCUSSION

### A.     FLSA Statute of Limitations

The FLSA generally provides a two-year statute of limitations for unpaid overtime compensation claims.  29 § U.S.C. 255(a).  However, if the employer's violation was "willful," the statute of limitations increases to three years.  *Id.*  A violation is willful if an employer "either knew or showed reckless disregard" of whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009).  "Mere negligence" by the employer, however, is insufficient. *Young*, 586 F.3d at 207.  Accordingly, "if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful."  *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (quotation and alterations omitted) (quoting *McLaughlin*, 486 U.S. at 135 n.13).

Defendant raises a statute of limitations challenge to Plaintiff's FLSA claim.  Dkt. No. 14-1 at 13; Dkt. No. 16 at 13-14.[1]  In response, Plaintiff argues that the Complaint "properly asserts that defendant's conduct was willful (*see* Amended Complaint ¶¶ 100-101), and thus subject to the three-year limitations period under [the] FLSA."  Dkt. No. 15 at 16.  The portions of the Complaint to which Plaintiff cites allege only that "Defendant willfully failed to pay Plaintiff" and that "Defendant's willful violation of the FLSA" resulted in Plaintiff's harm.  Dkt. No. 11, ¶¶ 100-101.

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

The Court finds that Plaintiff has not adequately pled willfulness. The Second Circuit has clarified that a plaintiff must plausibly plead willfulness for the FLSA's three-year statute of limitations to apply. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021) (affirming district court's dismissal of FLSA claim pursuant to two-year statute of limitations and stating "we hold that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply"). Contrary to Plaintiff's argument, the simple recitation of the word "willful" in the Complaint is insufficient to satisfy this plausibility requirement. *Whiteside*, 995 F.3d at 323 ("We decline to adopt a rule that would allow a claim that a complaint clearly shows [to be] out of time, to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint") (quotation and citation omitted).

Moreover, the broader Complaint does not contain allegations that would establish willfulness for purposes of extending the statute of limitations for the FLSA claim to three years. Instead, the Complaint alleges that both Plaintiff and Defendant were unaware of the alleged FLSA violation at Division Street from February 2016 until December 2020 when—seemingly immediately after Plaintiff first raised the issue—Defendant "began paying him properly." Dkt. No. 11 at ¶¶ 57-64. Additionally, Plaintiff alleges in the Complaint that during this same period of time, he *was* properly compensated by Defendant for his work at non-Division Street locations. Dkt. No. 11 at ¶¶ 38, 45, 49.

Because the Complaint fails to plausibly plead that Defendant willfully violated the FLSA, Plaintiff's FLSA claim is subject to a two-year statute of limitations. 29 § U.S.C. 255(a). The Complaint alleges that the FLSA violation occurred between February 2016 and December 2020.

Dkt. No. 11 at ¶¶ 43, 50, 64.  Plaintiff filed the initial complaint in March 2023, more than two years after the alleged FLSA violation ceased in December 2020.  Dkt. No. 1 at ¶ 1.  Plaintiff's FLSA claim is thus untimely and is dismissed with prejudice and without leave to amend.[2]

**B.     The NYLL Claims**

The Court declines to exercise supplemental jurisdiction over Plaintiff's six remaining state law claims.  *See* Dkt. No. 11 ¶¶ 65-96; *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39,  (2d Cir. 2004) ("[A]s a general proposition . . . if [all] federal claims are dismissed *before trial* . . . the state claims should be dismissed as well") (quotation and citation omitted); *accord Paleja v. KP NY Operations LLC*, 21-286-cv, 2022 WL 364007, at *3 (2d Cir. Feb. 8, 2022).  The Court may remand a case *sua sponte* if it declines to exercise supplemental jurisdiction.  *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Tattoos by Design, Inc., v. Kowalski*, 09-CV-0458, 2009 WL 3733045, at *3 (W.D.N.Y. Nov. 5, 2009); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp.2d 5, 10 (E.D.N.Y. 2005)).

---

[2] Defendant challenged Plaintiff's FLSA claim on statute of limitations grounds in its initial motion to dismiss and Plaintiff amended its complaint in response to that motion.  However, while Plaintiff made certain amendments to his complaint in response to Defendant's motion, Plaintiff did not make any amendment to his FLSA claim to address the statute of limitations challenge.  *Compare*, Dkt. 1*, with* Dkt. No. 11; *see also* Dkt. No. 10-2.  Particularly in light of the existing allegations that Defendant's personnel were unaware of the violation of the FLSA until Plaintiff raised it and that Defendant began paying him properly once Plaintiff did so, Dkt. No. 11 at ¶¶ 57-64, the Court finds that it would be futile for Plaintiff to attempt to amend his Complaint to adequately allege willfulness and thus render his FLSA claim timely.  *See, e.g.*, *Florence v. Seggos*, No. 21-834, 2022 WL 2046078, at *3 (2d Cir. June 7, 2022) (summary order) (affirming dismissal without leave to replead where "there [wa]s no indication that Plaintiffs could provide any additional allegations to salvage the otherwise deficient . . . claims").

Accordingly, the Court remands this action to the Supreme Court of the State of New York, Albany County, for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1367(c) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 14, is **GRANTED as to Plaintiff's FLSA claim**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 11, is **DISMISSED with prejudice as to Plaintiff's FLSA claim and without leave to amend**; and the Court further

**ORDERS** that this action is **REMANDED** to the Supreme Court of the State of New York, Albany County; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and to close the case.

**IT IS SO ORDERED.**

Dated: March 6, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge